## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>LB STEEL, LLC,<br><br>    Debtor. | Chapter 11<br>Case No. 15-35358<br><br>Honorable Janet S. Baer<br><br>Hearing: April 8, 2020 |
| LB Steel, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>United States Steel Corporation,<br><br>    Defendant. | Adversary No. 16-00353 |
| LB Steel, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>Janco Steel, Ltd.,<br><br>    Defendant. | Adversary No. 17-00339 |
| The Official Committee of Unsecured Creditors of LB Steel, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>Steelcast Limited,<br><br>    Defendant. | Adversary No. 17-00390 |

**DEFENDANTS' JOINT MEMORANDUM OF LAW
IN SUPPORT OF THE MOTION TO CONTINUE TRIAL DATE DUE TO
CONSEQUENCES OF CORONAVIRUS EMERGENCY**

Janco Steel, Ltd. ("Janco"), United States Steel Corporation ("US Steel"), Steelcast Limited (individually, "Steelcast" and with the other defendants, the "Defendants"), each by and through its undersigned counsel, submit this Motion to Continue Trial Due to Consequences of Coronavirus Emergency ("Motion"). The Defendants acknowledge and respect the Court's orders requiring adherence to the scheduling orders and only seek this relief due to the extreme nature of hardship caused by the current National state of emergency. The Defendants submit this Memorandum of Law in support of their Motion.

## BACKGROUND

This action involves adversary proceedings brought by LB Steel, LLC ("Plaintiff"). *In re LB Steel, LLC*, Case No. 15-35358, U.S. Bankruptcy Court for the Northern District of Illinois Eastern Division (hereinafter "BK Case"), Doc No. 8. On June 20, 2017, the Plaintiff commenced adversary proceedings individually against the Defendants as follows:

US Steel, Adversary No. 16-00353. BK Case Doc. No. 295.

Janco, Adversary No. 17-00339. BK Case Doc. No. 417.

Steelcast, Adversary No. 17-00390. BK Case Doc. No 425.

The Trustee seeks to recover alleged preferential transfers (the "Transfers") made to the Defendants within ninety (90) days of the bankruptcy petition (the "Preference Period") of LB Steel, LLC (the "Debtor") [D.E. 1].

Defendant Steelcast currently has a Summary Judgment Motion pending a ruling by the court. [Steelcast D.E. 43].

Defendant Janco currently has a Summary Judgment Motion Pending a ruling by the

2

court. [Janco D.E. 55].

The trials in these cases are currently set to begin May 19-22, 2020 (the "Trial Date"). *See* Final Pre Trial Order of January 22, 2020 [Janco D.E. 273].

On March 24, 2020, counsel for Janco contacted Mr. Zazove the Trustee's counsel, to obtain his consent to seeking a continuance of the Trial Date. Mr. Zazove declined to agree to an extension albeit indicated he would be open to revisiting the matter in the middle of April.

Robert Nachman, counsel for Steel Warehouse Quad Cities LLC and Steel Warehouse Company, LLC, defendants in Adv. No. 16-355, supports the relief sought in this Motion and states that a continuance of these matters appears to be required to permit witnesses to travel safely to Chicago. Daniel T. Graham, counsel for US Steel, further supports the relief sought in the Motion. US Steel's client representative and witnesses are located in the state of Ohio and also would have to travel to Chicago for the trial.

**COVID-19 PANDEMIC**

In recent weeks the world has become consumed with cases of individuals effected with the Corona Disease 2019 (COVID-2019) virus. On March 9, 2020, the Governor of Illinois declared a public health emergency due to the COVID-2019 outbreak.[1] On March 21, 2020, the Governor of Illinois issued an executive order requiring all individuals currently living in the State of Illinois to stay at home and ordering all non-essential businesses to cease operations.[2]

Similar to Illinois, the Governor of New York declared a state of emergency on March 7.[3] On March 20, the Governor of New York issued a "New York State on Pause" executive order, which required all non-essential workers to work from home.[4] Law firms are not exempt

---

[1] Executive Order 2020-10: https://www2.illinois.gov/Pages/Executive-Orders/ExecutiveOrder2020-10.aspx
[2] *Id.*
[3] *Coronavirus in N.Y.: Cuomo Declares State of Emergency*. New York Times March 8, 2020.
[4] Governor Andrew M. Cuomo issued a 10-point NYS on Pause program:

3

from the order[5] and the state has taken the unprecedented steps of suspending the statute of limitations in legal matters.[6] The current state-wide shut down in New York is currently through April 17, 2020, but is subject to extension pending the continued spread of COVID-19.[7]

The President of the United States declared a national emergency on March 13, 2020 and issued a nationwide coronavirus guidance.[8] On March 16, 2020, the President of the United States issued "The President's Coronavirus Guidelines for America."[9] To slow the spread of COVID-19, the Guidelines state that people should avoid social gatherings of more than 10 people and avoid discretionary travel. On March 29, 2020, the President extended his social distancing and travel guidelines until April 30, 2020, while indicating that the restrictions may remain in place through June 1. The CDC and other public health entities, including the Illinois Department of Health agree that social distancing is a means of limiting further community spread of COVID-19.[10]

Recognizing the severity of the COVID-19 pandemic, on March 23, 2020, Chief Judge A. Benjamin Goldgar of the U.S. District Court for the Northern District of Illinois entered a General Administrative Order "[b]ecause a state of emergency has been declared in response to the spread of COVID-19, and because the Centers for Disease Control and Prevention have urged

---

https://www.governor.ny.gov/news/governor-cuomo-signs-new-york-state-pause-executive-order
[5] New York Law Firms Left Out of 'Essential' Biz Orders Amid Pandemic:
https://www.law360.com/bankruptcy/articles/1256101/law-firms-left-out-of-essential-biz-orders-amid-pandemic?nl_pk=68df7210-5306-444a-897a-ee24d9d7443d&utm_source=newsletter&utm_medium=email&utm_campaign=bankruptc
[6] *See* http://www.nycourts.gov/limited-filings.shtml
[7] *See* https://www.governor.ny.gov/news/no-2026-continuing-temporary-suspension-and-modification-laws-relating-disaster-emergency
[8] Pres. Proc. No 9994, 85 F.R. 15337.
[9] Whitehouse Coronavirus Guidance: https://www.whitehouse.gov/wp-content/uploads/2020/03/03.16.20_coronavirus-guidance_8.5x11_315PM.pdf
[10] CDC COVID-19 Updates: https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/summary.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fsummary.html.

reduced contact among people to slow the spread of the disease..."[11] *Amended General Order No. 20-30.* Considering the seriousness of the COVID-19 outbreak, Chief Judge Goldgar ordered all motions to be heard telephonically and stated that "[c]urrently scheduled trials and evidentiary hearings may be continued to new dates. If so, new dates will be set at the judge's discretion. *Id.* at ¶¶ 4 & 7.

### Additional circumstances related to Janco

On March 23, 2020, the United States and Canada issued a joint travel ban, essentially closing all cross-border travel with some limited exceptions.[12] Janco is located in Ontario, Canada, which is experiencing severe restrictions due to the COVID-19 pandemic. On March 17, 2020, the province of Ontario declared a state of emergency ordering all non-essential businesses to close.[13]

Janco's principal witness during trial, Ms. Terrie DeMelo is a resident of Ontario, Canada. *See* Declaration of Terrie DeMelo attached as **Exhibit A.** (hereinafter "DeMelo Decl.") ¶ 1. Ms. DeMelo is currently subject to an Ontario government order to cease all non-essential business operations and limit travel. *Id.* ¶ 7. Due to the recent COVID-19 pandemic, Ms. DeMelo will need to take a commercial airline flight to be able to attend the trial and is currently unable to travel from Canada to the United States. *Id.* ¶ 9. When combined with the State of Illinois' Stay at Home Order, client representatives, their counsel and witnesses for each of the adversary cases will have great difficulty preparing for trial and traveling to attend trial.

---

[11] Amended General Order No. 20-30, Court Proceedings During COVID-19 Public Emergency: https://www.ilnb.uscourts.gov/sites/default/files/general-ordes/Gen-Ord-20-03-Amended.pdf

[12] The DHS order is a 30 day limited order subject to review and extension depending on the circumstances on April 23, 2020. https://www.federalregister.gov/documents/2020/03/24/2020-06217/notification-of-temporary-travel-restrictions-applicable-to-land-ports-of-entry-and-ferries-service; https://www.dhs.gov/news/2020/03/23/fact-sheet-dhs-measures-border-limit-further-spread-coronavirus.

[13] Ontario Enacts Declaration of Emergency to Protect the Public: https://news.ontario.ca/opo/en/2020/03/ontario-enacts-declaration-of-emergency-to-protect-the-public.html

**Additional circumstances related to Steelcast Limited**

As alleged in the adversary complaint, Steelcast Limited is a corporation solely organized and located in the country of India. All of the witnesses of Steelcast Limited must travel from India to the United States for this trial. There are not only severe restrictions on the entry into the United States of foreign visitors, but there are also restrictions imposed in India on the travel of its own citizens to foreign countries. Presently, in India all international flights, departing or arriving, have been canceled until further notice from the Indian government.

## RELIEF REQUESTED

The Defendants seek entry of an Order adjourning the trial date for a period of up to sixty (60) days, pursuant to section 105 Bankruptcy Code, or until such time as this national emergency has been lifted. The Defendants recognize that all parties are suffering at these very uncertain and stressful times and believe this continuance will be for the benefit of all Parties and is brought in good faith.

## ARGUMENT

**A.     Legal Standard**

The bases for the relief requested herein are sections 105 title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Rule 1017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

Trial courts have the broad discretion to grant a continuance. *United States v. Hanhardt*, 156 F. Supp. 2d 988, 994 (N.D. Ill 2001). Once a trial date is set there must be compelling reasons for granting a continuance. *United States v.* Bush, 820 F. 2d 858, 860 (7th Cir 1987). In determining whether to grant a continuance courts consider several factors, including: "(1) the amount of time available for preparation, (2) the likelihood of prejudice from denial, (3) the

6

defendant's role in shortening the effective preparation time, (4) the degree of complexity of the case, (5) the availability of discovery from the prosecution, (6) the likelihood the continuance would satisfy the movant's needs, and (7) the inconvenience to the court." *United States v. Avery*, 208 F.3d 597, 602 (7th Cir Ct. App. 2000).

In the present case, the Defendants believe there are significant compelling reasons to grant the motion to continue the trial as described below. The Defendants will also be prejudiced if the motion is denied.

**B.    Continuance and Suspension Are Authorized by Section 105 of the Bankruptcy Code**

The relief requested is authorized pursuant to section 105 of the Bankruptcy Code. Section 105(a) provides, in relevant part, that, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a). This provision codifies the inherent equitable powers of the bankruptcy court. As one court articulated, section 105 is "an omnibus provision phrased in such general terms as to be the basis for a broad exercise of power in the administration of a bankruptcy case. The basic purpose of § 105 is to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of its jurisdiction." *Davis v. Davis (In re Davis)*, 170 F.3d 475, 492 (5th Cir. 1999) (citing 2 L. King, Collier On Bankruptcy § 105.01, at 105–3 (1996)).

Due to the rapidly changing and unknown timeframe for the COVID-19 pandemic, the Defendants believe continuing the trial until the after the "stay at home" and travel restrictions related to COVID-19 emergency have been lifted is in the best interest of all Parties.

**C.    Defendant Janco Steel, Ltd.'s Witness is Unable to Attend Trial due to COVID-19 Travel Ban**

Defendant Janco Steel, Ltd.'s witness is a resident of Ontario, Canada. *DeMelo Decl.* ¶ 5.

7

Canada and the United States currently have a mutual agreement to ban cross border travel between the countries. *DHS Order Note 4 Supra.* The travel ban is a minimum of a 30-day ban that will be reviewed and likely extended. *Id.*[14] The National social distancing and ban on non-essential travel guidelines have likewise been extended through April 30th.

Furthermore, both Illinois and Ontario are under Stay at Home Orders that are not expected to be lifted for several weeks at the earliest, which will put both parties under extremely difficult time constraints if the trial is held as scheduled. The Defendants request the Court to grant this Motion to extend all deadlines in this case for a minimum of sixty (60) days pending the resolution of the current state of emergency.

**D.   Defendant Janco Steel, Ltd's Lead Counsel is Currently Under a Mandatory Shelter-in-Place for the State of New York**

Lead counsel for Defendant Janco Steel, Ltd., Mr. Roland Jones' office is located in New York and is currently under a mandatory shelter-in-place order in the state limiting all non-essential services.[15] Legal practices in New York not related specifically to an essential service are not exempt.[16] Due to the rapidly changing situation in New York and around the world, it is unknown when the stay home requirement will be lifted. New York courts are closed for all but essential functions, and the Governor has tolled the statute of limitations for both criminal and civil matters until April 19, 2020. Even if the best-case scenarios for lifting COVID-19 restrictions happen, Defendant Janco Steel, Ltd. and its lead counsel will not be able to adequately

---

[14] *See covidactnow.org* that projects the time frames for extended social distancing. The site shows that Illinois will need 3 months of social distancing at the current and hospitals may still become overwhelmed on April 19, 2020. https://covidactnow.org/state/IL.

[15] Governor Andrew M. Cuomo issued a 10-point NYS on Pause program: https://www.governor.ny.gov/news/governor-cuomo-signs-new-york-state-pause-executive-order

[16] Law Firms Left Out of 'Essential' Biz Orders Amid Pandemic: https://www.law360.com/bankruptcy/articles/1256101/law-firms-left-out-of-essential-biz-orders-amid-pandemic?nl_pk=68df7210-5306-444a-897a-ee24d9d7443d&utm_source=newsletter&utm_medium=email&utm_campaign=bankruptc

8

prepare for trial as it is currently scheduled.

### E. Pending Rulings in Summary Judgment Motions Support Granting This Motion

Janco Steel, Ltd. and Steelcase currently have summary judgment motions pending before this Court. Adjourning the trial date will provide the Court with additional time to consider its ruling on these pending motions. In addition, an adjournment of the trial date will help the parties avoid costs related to trial preparation until such time as this Court rules on the summary judgment motions.

### CONCLUSION

WHEREFORE, for the reasons stated above, the Defendants respectfully request that this Court enter an order adjourning the trial date for a period of up to sixty (60) days or until such time as this National emergency has been resolved.

Dated: April 6, 2020.

**JAYARAM LAW GROUP, LTD.**
By: */s/ Vivek Jayaram*
125 South Clark St.
Suite 1175
Chicago, IL 60603
(312) - 212-8676
Email: vivek@jayaramlaw.com
*Counsel for the Defendant Janco Steel, Ltd.*

**JONES & ASSOCIATES**
By: */s/ Roland Gary Jones*
Roland Gary Jones, Esq.
New York Bar No. RGJ-6902
1325 Avenue of the Americas
28th Floor
New York, NY 10019
Tel. (347) 862-9254
Fax (212) 202-4416
Email: rgj@rolandjones.com
Admitted pro hac vice

9

*Counsel for the Defendant Janco Steel, Ltd.*
*LEAD ATTORNEY*

**EMALFARB, SWAN, & BAIN**
By: /s/ Peter Swan
Peter Swan, Esq.
440 Central Ave.
Highland Park, IL 60035
Tel. (847) 432-6900
Fax (847) 432-8950
peter@esb-law.com
*Counsel for Defendant Steelcast Limited*

**CLARK HILL, PC**
By: /s/ Daniel T. Graham
Daniel T. Graham, Esq
130 E. Randolph St.
Suite 3900
Chicago, IL 60601
Tel. (312) 985-5945
Fax (312) 985-5954
dgraham@clarkhill.com
*Counsel for Defendant US Steel Corporation*

## CERTIFICATE OF SERVICE

I, hereby certify that on April 6, 2020 a true and correct copy of the foregoing Notice of Memorandum in support of Defendants' Motion to Continue Trial Due to Consequences of Coronavirus Emergency was served on the parties appearing on the service list below via the Court's CM/ECF system and served on all registered users entitled to service through the Court's CM/ECF system.

Dated: April 6, 2020

**JAYARAM LAW GROUP, LTD.**
By: */s/ Vivek Jayaram*
125 South Clark St.
17th Floor
Chicago, IL 60603
(312) - 212-8676
Email: vivek@jayaramlaw.com

**Service List:**

**Daniel A. Zazove**
PERKINS COIE LLP
131 S. Dearborn Street, Suite 1700
Chicago, Illinois 60603-5559
Tel: (312) 324-8506
Fax: (312) 324-9506
Email: dzazove@perkinscoie.com
*Counsel for Debtor*

**Rosanne Ciambrone**
Duane Morris LLP
190 South LaSalle Street Suite 3700 Chicago, IL 60603
312 499-6700
Fax : 312 499-6701
Email: rciambrone@duanemorris.com
*Counsel for The Official Committee of Unsecured Creditors of LB Steel, LLC*

**Richard P. Darke**
Duane Morris LLP
190 S. LaSalle St.
Suite 3700

Chicago, IL 60603
312-499-6700
Email: rpdarke@duanemorris.com
*Counsel for The Official Committee of Unsecured Creditors of LB Steel, LLC*

**Matthew A Olins**
Gould & Ratner
222 North LaSalle Street
Suite 800
Chicago, IL 60601
(312) 899-1661
Email: molins@gouldratner.com
*Counsel for The Official Committee of Unsecured Creditors of LB Steel, LLC*
*LEAD ATTORNEY*